U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 NOV 14 PM 3:45

CLERK

BY /s/ AL
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

MATTHEW STRONG,
    Defendant.

Docket No. 2:25-cr-131-1

## INFORMATION

The United States Attorney charges:

1. At all times relevant to this information, East Coast Van Builds ("ECVB") was a for-profit business operating in Bradford, Vermont.

2. MATTHEW STRONG created ECVB in 2021. Between 2021 and continuing through at least the end of 2024, MATTHEW STRONG was the owner of ECVB. The business presented itself as the only east coast-based van conversion service company. ECVB marketed itself as specializing in converting Ford Transit vans and Mercedes Sprinter vans into "reliable, self-sufficient adventure homes." ECVB would provide conversion services for vans that were either brought in by customers or purchased through ECVB. ECVB offered vans for purchase to customers or offered customers the option to bring their own vans to ECVB for conversion.

3. At all times material to this information, ECVB maintained bank accounts in the District of Vermont.

4. At all times relevant to this information, STRONG managed and operated ECVB. ECVB employed at least five employees, and as many as seven employees, who worked under STRONG's direction.

5. Beginning in 2021 and continuing through at least the end of 2023, STRONG orchestrated a scheme to defraud customers of ECVB of hundreds of thousands of dollars.

1

STRONG's purpose was to obtain money and property from the customers of ECVB in order to use the money and property for his own use. STRONG did this by lying to customers about his use of the funds intended to be used for work on their vans. STRONG took money from the customers and used it for his own purposes and deposited monies into accounts in banks located in the District of Vermont. STRONG did this to at least ten customers.

6. As part of his scheme, STRONG collected large sums of money from ECVB customers, including an initial $10,000 non-refundable down payment from each ECVB customer and then 50% of the remaining balance, often $30,000 or more, as each van met certain milestones in the conversion process.

7. STRONG represented to ECVB customers that ECVB was working on the conversion process of certain customers' vans. However, many ECVB vans were not meeting the milestones in the conversion process. Instead, STRONG collected the initial deposits and then did not communicate with the customers. This would often occur for months at a time. On many occasions, STRONG would not communicate with the customers until the customers themselves made multiple attempts to communicate with STRONG, usually in the form of wire communications including but not limited to email communications or telephone calls. Only then would STRONG communicate with the customers. STRONG himself, or employees acting at his direction, would lie to inquiring customers about the progress on their vans. This came in the form of wire communications including but not limited to email communications or telephone calls. ECVB customers were located in the District of Vermont and other states including, but not limited to, New Hampshire, New York, Delaware, Maine, and Maryland. ECVB customers used banks in those states and elsewhere to send money to ECVB.

8. On certain occasions, in furtherance of his scheme, STRONG sent misleading photographs to customers to suggest that progress had been made on their vehicles when no such progress had in fact been made. For example, Strong painted the interior of one customer's van, photographed it, and then sent the photographs to different customers who were demanding progress reports on their conversion project. STRONG's purpose in doing this was to mislead the customers that their van was being worked on and painted when, in fact, their van was in the same or substantially the same condition as when the customer first dropped it off with ECVB.

9. In furtherance of his scheme, STRONG also took misleading photos of the interior of customers' vans that appeared to depict that certain parts of the interior were installed in the van when, in fact, no installation had been completed. After sending these wire communications, STRONG told the customers (or directed others to tell customers) that their vans had reached certain milestones in the process with ECVB. STRONG then demanded additional payment from the ECVB customers on the basis that certain work had been completed, and more money was needed for additional work. STRONG caused ECVB customers to provide STRONG with additional money for work on the customers' vans. STRONG then took the money and used it for his own purposes.

10. For example, in or about approximately September of 2022, STRONG worked with others to produce a music festival in or around Topsham, Vermont. To pay for certain expenses for the music festival, STRONG used money that he received from ECVB customers. That money was not used to perform any work on the ECVB customer's vans as STRONG represented to the ECVB customers. Additionally, STRONG took one customer's van from the ECVB space in Bradford, Vermont to use the van at the musical festival. The customer tracked the van using tracking software and determined that her van was in, or near, Topsham, Vermont. STRONG did

not have permission or authority from that customer to use the van for the purposes of a music festival.

11.     As a result of this scheme, STRONG caused ECVB customers to suffer a loss of at least approximately $477,501.53.

### Counts One and Two

12.     Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13.     The defendant MATTHEW STRONG, having devised the above-described scheme and artifice to defraud customers of East Coast Van Builds, and to obtain money by means of false and fraudulent pretenses and representations, and for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below:

- a. **Count One**: On or about March 28, 2022, a wire in the amount of approximately $10,000 was sent from Victim 1's bank account in Lebanon, New Hampshire to ECVB's account in the District of Vermont;

- b. **Count Two**: On or about April 22, 2022, a wire in the amount of approximately $41,170.26 was sent from Victim 1's bank account in Lebanon, New Hampshire to ECVB's account in the District of Vermont.

(18 U.S.C. § 1343)

## FORFEITURE NOTICE

1.     The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.     Upon conviction of the offense charged in Count 1 in violation of 18 U.S.C. § 1343, the defendant MATTHEW STRONG, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

- United States currency in the amount of $477,501.53.

3.     If any of the property described above, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)

*[signature]*

MICHAEL P. DRESCHER (ZBS/DHG)
Acting United States Attorney
Burlington, Vermont
November 14, 2025